UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRIGETTE I. BODIE-JERNIGAN,
          Plaintiff,

vs.

                                      **COMPLAINT**

SCHOOL BOARD OF
BROWARD COUNTY
FLORIDA,
          Defendant.
_____/

      Plaintiff, Brigette I. Bodie-Jernigan, by her undersigned counsel, hereby files this Complaint, against the Defendant, the School Board of Broward County, Florida, and in support hereof, the Plaintiff states as follows:

## I.
## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101, *et seq.*, which prohibits disability discrimination, against employees, in the workplace, as well as the amendments thereto, as set forth in ADAAA of 2009; and in addition, this case is brought under the anti-retaliation clause of the ADA, 42 U.S.C. Section 12203, which forbids predicate acts of workplace retaliation, taken against those employees, including the Plaintiff herein, for expressing opposition to any practice, made unlawful, under the ADA; the Plaintiff is a high risk educator, due to her

1

auto-immune condition, and as a result of requesting a reasonable accommodation, she was subjected to an adverse employment action.

2. Plaintiff is a "qualified individual with a disability," under the ("ADA"), 42 U.S. C. Section 12101, *et seq.,* which prohibits disability discrimination, against employees, in the workplace, such a prohibition is further outlawed and prohibited, by the amendments thereto, ADAAA of 2009; since Plaintiff suffers from an auto-immune disorder, with medical conditions, that include renal insufficiency, post nephrectomy, and cardiac surgery/ASD-repair, and a pre-diabetes condition, which could cause severe life threatening complications, based on exposure to COVID-19, and or other airborne pathogens, in the workplace/school environment.

3. However, Ms. Bodie-Jernigan, was still capable of performing the essential functions of her position, as an instructional staff member, for the Defendant, provided that she was separated from these airborne pathogens, which would cause her to be subjected to life-threatening complications, that would affect her continued well-being and existence, as a "qualified individual with a disability," under the ADA, 42 U.S.C. Section 12101, *et seq.,* and the 2009 amendments, thereto.

4. The Defendant failed and or refused to provide the Plaintiff with a reasonable accommodation, thereby causing her to sustain an adverse employment action, the loss of active paid employment, and furthermore, as a result of exercising her rights under the ADA, 42 U.S.C. Section 12101, *et seq.,* and the 2009 Amendments thereto, she sustained an adverse employment action, the loss of paid employment, due to the Defendant

employer's implementation of an arbitrary and capricious process for considering her reasonable accommodation request.

5. In short, the Defendant has committed substantive statutory violations, pursuant to 42 U.S.C. Section 12101, *et seq.,* and the 2009 Amendments thereto, for which there is no viable defense.

## II.
## JURISDICTION AND VENUE

6. Jurisdiction over the Plaintiff's claims is conferred on this Court, pursuant to 29 U.S.C. Section 1132, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(4).

7. Venue is properly placed in this district, pursuant to 28 U.S.C. 1391(b), because for all applicable dates and times, as set forth in this Complaint, the predicate discriminatory and retaliatory acts, as well as the acts underlying applicable statutory violations, occurred within the Southern District of Florida.

8. On or about April 22, 2021, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging claims of disability discrimination and unlawful retaliation.

9. On March 2, 2022, the United States Department of Justice, acting through its Disability Rights Section, issued a Notice of Right to Sue Letter, to the Plaintiff, Brigette I. Bodie-Jernigan, providing her, within ninety (90) days in which to file suit in federal district court. [*See,* the Department of Justice's Notice of Right to Sue Letter, attached hereto, as **EXHIBIT A.**]

10. Plaintiff, Brigette I. Bodie-Jernigan, has initiated this action within ninety (90) days of his receipt of the Right to Sue Letter, from the United States Department of Justice, Disability Rights Section.

11. All pertinent conditions precedent, have indeed, been satisfied, prior to the initiation of this action, in federal district court and therefore, the Plaintiff can properly file this action in federal district court.

### III.
### PARTIES

12. Plaintiff, Brigette I. Bodie-Jernigan ("BODIE-JERNIGAN"), at all material times herein, was employed as a member of the instructional staff of the Defendant, most recently at the Dillard 6—12 School, she is fully capable of performing the essential functions of her position, on site within a school facility, operated and administered by the Defendant, provided that, she is separated from possible exposure to COVID-19, and or permitted to work remotely, thereby affording protection from COVID-19 and other dangerous airborne pathogens.

13. Defendant, the School Board of Broward County, Florida ("SCHOOL BOARD"), is a School District, located in Broward County, Florida, it has the authority to administer and operate public schools in Broward County, Florida; and it also has the express authority to administer personnel practices and procedures, for employees, such as the Plaintiff, who are instructional staff employees of the Defendant, the School Board of Broward County, Florida.

## IV.
## FACTUAL ALLEGATIONS

14. Plaintiff, BODIE-JERNIGAN, is presently employed, as a teacher for the Defendant, the SCHOOL BOARD, and she has been so employed, as an instructional staff member, since August of 2007.

15. Initially, the Plaintiff's reasonable accommodation request, to work from home, was approved by Defendant's management, and or supervisory personnel, from October, 2020, to January 8, 2021.

16. Plaintiff's treating physicians had opined that working from home, as an accommodation for her, would markedly decrease BODIE-JERNIGAN's exposure risk, to airborne pathogens, including COVID-19, in her instructional staff position, as a high-risk educator.

17. Plaintiff, BODIE-JERNIGAN's, personal leave began on February 9, 2021, however, she did not receive her designated Leave Form, to sign, in order to take a personal leave of absence, without pay, from the Leave Office of the SCHOOL BOARD's Leave Department, until March 12, 2021.

18. Plaintiff, BODIE-JERNIGAN's, personal leave began on February 9, 2021, however, she did not receive the notice to take the leave of absence to sign, in order to work from home, from the Reasonable Accommodation Office of the SCHOOL BOARD's Equal Employment Opportunity Office, until March 12, 2021.

19. As a direct result of the subsequent denial of BODIE-JERNIGAN's application for a reasonable accommodation, she has been out of work, on an extended leave of absence,

without pay, since February 9, 2021, and it is anticipated that she will continue be absent from work, without pay, due to the lack of a reasonable accommodation, until August, 2022, which will mark the beginning of the 2022—2023, new school year.

20. As a direct result of engaging in the *protected activity*, by requesting the reasonable accommodation, the Plaintiff was subjected to an arbitrary, discriminatory, and an unreasonable procedure, whereby other applicants for a reasonable accommodation, would be granted the accommodation, to work from home, without the application of any objective measures and or standards, for the approval of their reasonable accommodation requests.

21. The arbitrary, discriminatory, and unreasonable procedure for granting the reasonable accommodation application, for instructional staff members, was determined in a completely discretionary manner, without any objective standards, by the principal of each school, operated and administered by the SCHOOL BOARD, since January 8, 2021.

22. The administration of the SCHOOL BOARD failed to engage in an *interactive process*, or dialogue, with BODIE-JERNIGAN, to precisely and specifically determine, the nature of her disabilities and the accommodation, which was medically needed, based upon her physician's assessments, due to her medical conditions and or her disabilities.

23. Plaintiff, BODIE-JERNIGAN, renewed her request for a reasonable accommodation, both on December 11, 2020, which was received by the Reasonable Accommodation Office of the SCHOOL BOARD's Equal Employment Opportunity Office, on that same day, December 11, 2020.

24. Providing BODIE-JERNIGAN with the requested reasonable accommodation, would not create an undue hardship, or burden, for the Defendant employer, and with the implementation of proper associated objective measures, and or standards, for evaluating the reasonable accommodation request, BODIE-JERNIGAN should have been approved for the requested reasonable accommodation, based on the nature of her medical conditions, and or her disabilities

25. In addition to the *bona fide* concerns about airborne pathogens, pertaining to COVID-19, the school building, where Plaintiff was previously employed, is a haven for mold, since water has been continuously pouring into the building, from the roof, increasing the probability that the Plaintiff's auto-immune system, would be further compromised, by subjecting her to the increasing prospect of contracting an upper respiratory infection.

26. Despite the Plaintiff's numerous internal complaints, regarding the structural deficiencies in the school building, the condition of the leaking roof in the applicable school building, was not properly addressed by SCHOOL BOARD management and or supervisory personnel, and the school building continued to present severe health and safety risks, to the Plaintiff, which were not remedied by the Defendant.

27. The SCHOOL BOARD has failed and or refused to effectuate proper repairs to the school building structure, in order to minimize the clear and present risk of the Plaintiff, contracting an upper respiratory infection in the workplace.

28. By being forced to take a leave of absence without pay, Plaintiff was then designated, as an "inactive" SCHOOL BOARD employee, which made her ineligible for certain tangible

job benefits, such as an applicable bonus, for which she would be eligible to receive, if she had remained, as an active employee for the Defendant.

29. Plaintiff has set forth *prima facie* claims of both a failure to accommodate and retaliation, pursuant to the ADA, and the amendments thereto, ADAAA of 2009, and the Defendant has failed to meet with the requisite evidentiary burden of persuasion, to negate or challenge, those *prima facie* claims, under the applicable statute and hence, Plaintiff's *prima facie* claims remain unrebutted.

30. The Defendant has refused and or failed to abide by the statutory mandate of the ADA, pursuant to 42 U.S.C. Section 12101, *et seq.*, and the 2009 Amendments thereto, and those refusals constitute both procedural and statutory violations, of applicable law.

## COUNT I
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, DISABILITY DISCRIMINATION, FAILURE TO PROVIDE A REASONABLE ACCOMMODATION)

31. The Plaintiff restates and re-avers the allegations contained in Paragraphs 1—30 of the Complaint, as if fully set forth herein.

32. Plaintiff has set forth a valid claim of disability discrimination, specifically, the failure to provide a reasonable accommodation, since: (a) she is person with a disability under the ADA; (b) the employer was covered by the statute and the employer had notice of the disability; and (c) with a reasonable accommodation, Plaintiff could perform the essential functions of the position at issue; and (d) the employer has refused to make such an

accommodation, even though the requested reasonable accommodation would not cause the Defendant employer to experience an undue burden and or hardship.

33. BODIE-JERNIGAN possessed the requisite knowledge, skill, and experience, to perform the essential functions of the teaching position, with the Defendant herein.

34. BODIE-JERNIGAN, was, and continues to be "a qualified individual with a disability," under the Americans with Disabilities Act, 42 U.S. C. Section 12101, *et seq.*, and the 2009 amendments, thereto, since Plaintiff had suffered from an auto-immune disorder, with medical conditions that include, renal insufficiency, post nephrectomy, cardiac surgery/ASD-repair and a pre-diabetes condition, which can affect a major life activity, by causing a potentially fatal condition, however, she was still capable of performing the essential functions of her prior teaching position, with a reasonable accommodation.

35. Defendant failed and or refused to provide the requested accommodation, even though other comparator employees, similarly situated to the Plaintiff, were provided with the remote work option, and the reasonable accommodation, requested by the Plaintiff, was granted to other similarly situated employees, in an arbitrary, capricious and in a discriminatory manner.

36. In short, Plaintiff claims that the Defendant employer continued to discriminate against her, as a qualified individual with a disability under the ADA, and the amendments thereto, ADAAA of 2009, since, Plaintiff had suffered from an auto-immune disorder, with medical conditions that include, renal insufficiency, post nephrectomy, cardiac surgery/ASD-repair and a pre-diabetes condition, which can, under adverse circumstances, threaten continued

daily living, however, she was still capable of performing the essential functions of her prior position, as an instructional staff member, with the requested reasonable accommodation.

37. Management failed to take any reasonable steps to address the reasonable accommodation, which Plaintiff had requested based, upon her auto-immune disorder with medical conditions, that include, renal insufficiency, post nephrectomy, cardiac surgery/ASD-repair and a pre-diabetes condition, which can, under adverse circumstances, threaten her continued existence in the workplace, as a "qualified individual with a disability, under the ADA, 42 U.S. C. Section 12101, *et seq.*, and the 2009 amendments thereto.

38. By failing to grant the requested reasonable accommodation, the Defendant violated the Americans with Disabilities Act, 42 U.S. C. Section 12101, *et seq.*, and the 2009 amendments, thereto.

39. As a direct result of the Defendant's unlawful conduct, the Plaintiff has been compelled to retain the undersigned attorney, and she has incurred attorney's fees and costs.

   **WHEREFORE**, the Plaintiff, Brigette I. Bodie-Jernigan, respectfully requests that this Court advance this case on the docket, order a hearing at the earliest possible date, and upon hearing to:

A) Enjoin the Defendant, its supervisory agents, representatives and or employees, and those acting in concert with the Defendant, from continuing to violate the rights of the Plaintiff.

B) Grant an award of back pay, including missed bonus payments and unnecessarily used sick days, against the Defendant.

C) Grant an award of compensatory damages against the Defendant; and

D) Award the Plaintiff the costs of this action, including reasonable attorney's fees, and any and all such further relief, as this Court may deem to be just proper and equitable.

## COUNT II
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, RETALIATION)

40. The Plaintiff restates and re-avers the allegations contained in Paragraphs 1—30 of the Complaint, as if fully set forth herein.

41. Plaintiff has set forth a *prima facie* case of retaliation, since: (a) she engaged in statutorily protected activity, by requesting a reasonable accommodation: (b) she suffered an adverse employment action, by being compelled to take a prolonged leave of absence without pay and (c) a causal connection exists between the protected expression, the request for a reasonable accommodation, and the adverse employment action, subsequently suffered by the Plaintiff.

42. There is no viable defense to dispute the applicable elements of the retaliatory *prima facie* case.

43. BODIE-JERNIGAN possessed the requisite knowledge, skill, and experience, to perform the essential functions of her prior teaching position, with the Defendant herein.

44. BODIE-JERNIGAN was and continues to be "a qualified individual with a disability," under the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*, and the 2009 amendments, thereto, since Plaintiff had suffered from an auto-immune disorder, which, presents a threat to her continued existence in the workplace; however, she was still capable of performing the essential functions of his position, as an instructional staff member, for the Defendant, the SCHOOL BOARD, provided that she was given an applicable reasonable accommodation.

45. BODIE-JERNIGAN was subjected to a predicate act of retaliation in the workplace, an adverse action, by being compelled to take a prolonged period of leave of absence, without pay, despite the fact that a reasonable accommodation was indeed available, and it was not unduly burdensome for the employer.

46. The SCHOOL BOARD failed to provide a non-arbitrary, non-discriminatory process for the consideration of the Plaintiff's reasonable accommodation request, and as a result, she sustained an unjustified and unlawful adverse employment action.

47. The Americans with Disabilities Act of 1990, 42 U.S.C. Section 12203, *et seq.*, contains an anti-retaliation provision, prohibiting employers from implementing adverse personnel actions against their employees, who express protected activity, by making an internal complaint of discrimination, *see also*, 28 C.F.R. Section 35.134.

48. As a direct result of the Defendant's unlawful retaliatory conduct, the Plaintiff has been compelled to retain the undersigned attorney, and she has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, Brigette I. Bodie, respectfully requests that this Court advance this case on the docket, order a hearing at the earliest possible date, and upon hearing to:

A) Enjoin the Defendant, its supervisory agents, representatives and or employees, and those acting in concert with the Defendant, from continuing to violate the rights of the Plaintiff.

B) Grant an award of back pay, and in addition, missed bonuses and unnecessarily used sick days, against the Defendant;

C) Grant an award of compensatory damages against the Defendant; and

D) Award the Plaintiff the costs of this action, including reasonable attorney's fees, and any and all such further relief, as this Court may deem to be just proper and equitable.

## Demand for Trial by Jury

Plaintiff requests trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 14th day of April, 2022.